IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER ARMOUR, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2407 |
| | § | |
| BEYONCE G. KNOWLES, *et al.*, | § | |
|     Defendants. | § | |

**MEMORANDUM AND ORDER**

This copyright infringement case is before the Court on Plaintiff Jennifer Armour's Motion for Leave to File First Supplement to Plaintiff's Third Amended Complaint ("Motion to Amend") [Doc. # 80] filed May 18, 2006, and Motion for Leave to File Second Supplement to Third Amended Complaint [Doc. # 90] filed June 19, 2006. Responses in opposition to the Motion to Amend were filed by Defendants Beyonce G. Knowles, Sony BMG Music Entertainment, and TVT Music, Inc. [Doc. # 88] and by Defendants Sean Paul Henriques, EMI Music Publishing, Ltd., Atlantic Recording Corporation, EMI April Music, Inc., VP Music Group, Inc., and Dutty Rock Music [Doc. # 89]. Based on the Court's review of the full record in this case and the application of governing legal authorities, the Court denies the Motions to Amend.

In the Motion to Amend, Plaintiff seeks to add new defendants and to amend her complaint to cure jurisdictional issues, to "conform to the evidence," and to name the

current Defendants properly.[1]  In connection with an initial pretrial and scheduling conference on October 28, 2005, attended and participated in by Plaintiff's counsel, the Court issued a Docket Control Order [Doc. # 35] establishing December 31, 2005, as the deadline for adding new parties and amending pleadings.

Leave to amend after the deadline granted in the Court's scheduling order is guided by Rule 16 of the Federal Rules of Civil Procedure.  "Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court.  Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.'  The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citations omitted).  The Fifth Circuit explained: "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend;  (2) the importance of the amendment;  (3) potential prejudice in allowing the amendment;  and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 546.

---

[1] In the Motion for Leave to File Second Supplement [Doc. # 90], Plaintiff seeks to add language inadvertently omitted from paragraph 48 of the First Supplement.

Plaintiff has not demonstrated why she waited so long to seek leave to amend, nor has she explained why she was not aware long ago of the matters she seeks to include in the amended complaint.[2]  Plaintiff should have known the jurisdictional requirements for her claims prior to filing the original complaint in July 2005.  There is nothing to support Plaintiff's bald allegation that "Plaintiff had no way of knowing the identity of these [new] parties" until Defendants identified them.  There is no explanation for Plaintiff's failure to know when her representative allegedly delivered the demo C.D. of her song to Matthew Knowles and others.  Thus, Plaintiff has not offered a satisfactory explanation for her delay in seeking leave to amend or, indeed, to raise these issues in the First Amended Complaint [Doc. # 23] filed October 21, 2005, or in the Second Amended Complaint [Doc. # 38] filed November 18, 2005, or in the Third Amended Complaint [Doc. # 49] filed December 30, 2005.

The Court also notes that the discovery deadline in this case is August 31, 2006.  The delay caused by the addition of new parties at this late date would seriously prejudice the existing defendants.  Although the Court could extend the discovery deadline, the Court exercises its discretion to preserve the integrity and purpose of the docket control order in this case.  It is therefore

---

[2]   It is noted that Plaintiff neither filed a Reply nor requested an extension of time to do so.

**ORDERED** that Plaintiff's Motion for Leave to File First Supplement to Third Amended Complaint [Doc. # 80] and Motion for Leave to File Second Supplement to Third Amended Complaint [Doc. # 90] are **DENIED**.

SIGNED at Houston, Texas, this **27th** day of **July, 2006**.

_____
Nancy F. Atlas
United States District Judge