IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |  | |
|---|---|---|---|
| JENNIFER ARMOUR, | § | | |
|     Plaintiff, | § | | |
| | § | | |
| v. | § | CIVIL ACTION NO. H-05-2407 | |
| | § | | |
| BEYONCE G. KNOWLES, *et al.*, | § | | |
|     Defendants. | § | | |

## MEMORANDUM AND ORDER

This copyright infringement case is before the Court on the Motion for Summary Judgment [Doc. # 79] filed by Defendants Beyonce G. Knowles, Scott Storch, Robert Waller, Shawn Carter, Sony BMG Music Entertainment, TVT Music, Inc., Notting Dale Songs, and Hitco Music Publishing ("the Knowles Defendants"), the Motion for Summary Judgment [Doc. # 91] filed by Defendants Sean Paul Henriques, EMI Music Publishing, Ltd., Atlantic Recording Corporation, EMI April Music, Inc., VP Music Group, Inc., and Dutty Rock Music (the "Henriques Defendants"), and the Motion for Summary Judgment on Access, Independent Creation, and Originality [Doc. # 95] filed by the Knowles Defendants. Each motion has been fully briefed and is ripe for decision.

The Court has carefully reviewed the full record in this case and has conducted a "side-by-side" comparison of the songs at issue. Based on this review of the record,

the comparison of the relevant songs, and the application of governing legal authorities, the Court **grants** the Motions for Summary Judgment [Docs. # 79 and # 91]. The Motion for Summary Judgment on Access, Independent Creation, and Originality [Doc. # 95] and the other pending motions are **denied as moot**.

## I.　FACTUAL BACKGROUND

Plaintiff Jennifer Armour is a professional songwriter who lives in Minnesota. Defendants are participants in the music industry with various relationships to Beyonce Knowles, known professionally as Beyonce. Plaintiff alleges that she composed a song entitled "Got a Little Bit of Love for You" for which she obtained a copyright. Plaintiff alleges that she provided a copy of the song to Beyonce and her father, as well as to record executives at Sony Music Entertainment, Inc. and Atlantic Recording Corporation.

Plaintiff alleges that the song "Baby Boy" performed by Beyonce infringes her copyright of the song "Got a Little Bit of Love for You." Defendants deny that the song "Baby Boy" infringes Plaintiff's song.

## II.　ANALYSIS

### A.　General Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails

to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).

**B.     Elements of Copyright Infringement**

"To establish a claim for copyright infringement, a plaintiff must prove that: (1) he owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original." *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 367 (5th Cir. 2004) (citing *General Universal Sys. v. Lee,* 379 F.3d 131, 141 (5th Cir. 2004); *Szabo v. Errisson,* 68 F.3d 940, 942 (5th Cir. 1995)); *R. Ready Prods., Inc. v. Cantrell*, 85 F. Supp. 2d 672, 682 (S.D. Tex. 2000). "A valid copyright certificate of registration constitutes *prima facie* evidence of the validity of a copyright." *Cantrell*, 85 F. Supp. 2d at 682. In the case at bar, Plaintiff has a copyright certificate of registration for the song "Got a Little Bit of Love for You."

To establish actionable copying, the second element of a copyright infringement claim, a plaintiff must prove: "(1) factual copying and (2) substantial similarity." *Id.* (citing *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 576 (5th Cir. 2003)). Factual copying "can be proven by direct or circumstantial evidence." *Id.* at 367-68. In this case, Plaintiff does not present direct evidence of copying and, therefore, relies on circumstantial evidence of factual copying of her song by Defendants. Circumstantial evidence of factual copying requires "(1) proof that the defendant had access to the

copyrighted work prior to creation of the infringing work and (2) probative similarity."[1] *Id.* at 368 (citing *Peel & Co. v. Rug Market,* 238 F.3d 391, 394 (5th Cir. 2001)). Plaintiff has presented evidence through affidavits that she sent a copy of the song to representatives of Defendants. She has also presented expert testimony through affidavits that indicates there are a few, very brief elements in "Baby Boy" that, once the key and the tempo are changed to match "Got a Little Bit of Love for You," appear similar. This evidence, though disputed by Defendants, could potentially raise a genuine issue of material fact on the issues of access and probative similarity.[2] "If a plaintiff establishes an inference of factual copying (by showing access and probative similarity), the defendant can rebut that inference, and thus escape liability for infringement, if he can prove that he independently created the work." *Id.*

The Court assumes for purposes of the motions for summary judgment that Plaintiff can establish factual copying and Defendants do not establish independent

---

[1] Probative similarity "requires only that certain parts of the two works are similar, such that the jury may infer factual copying in light of the defendant's access to the plaintiff's work." *Positive Black Talk*, 394 F.3d at 369. "[T]he purpose of the probative similarity inquiry is to determine whether factual copying may be inferred and . . . is not the same as the question of substantial similarity, which dictates whether factual copying, once established, is legally actionable." *Id.* at 370. Two works may be probatively similar if there are any similarities between them, whether or not the similarities are substantial, if the similarities would not be expected to arise independently in the two works. *Id.*

[2] Plaintiff's evidence, at best, suggests potential access and indicates minimal factual copying such that a genuine issue of material fact on these elements would preclude summary judgment. It is highly questionable, however, whether Plaintiff's evidence on access and probative similarity would support a verdict in her favor.

creation. Therefore, Plaintiff must then prove that the copyrighted work and the allegedly infringing work are substantially similar. *Id.* (citing *Bridgmon,* 325 F.3d at 577). Substantial similarity is determined "without the aid of expert testimony, but with the perspective of the lay observer." *See Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 208 (3rd Cir. 2005); *see also Positive Black Talk*, 394 F.3d at 378 ("question of substantial similarity is typically left to the fact finders' own impressions"); *Murray Hill Publications, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 317 (6th Cir. 2004) (expert testimony is appropriate on copying issue but not on issue of substantial similarity).

Summary judgment can be granted in favor of the defendant if the court concludes, after conducting a side-by-side comparison of the two songs at issue, "that no reasonable juror could find substantial similarity of ideas and expression." *See General Universal*, 379 F.3d at 142. Summary judgment is also appropriate where the side-by-side comparison reveals that any similarities relate only to non-copyrightable elements of the two songs. *See, e.g., Boone v. Jackson*, 2005 WL 1560511, *4 (S.D.N.Y. July 1, 2005).

### C.   Substantial Similarity

"Two works are substantially similar if the expression of ideas in the plaintiff's copyrighted work and the expression of ideas in the defendant's work that are shared

are substantially similar. The test for expression of ideas is whether the intended audience would find the total concept and feel of the two songs to be substantially similar." *Positive Black Talk*, 394 F.3d at 373. The parts of the two songs that are similar must be compared in determining substantial similarity. *Id.* at 374. "[A] side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" *Id.* Additionally, a court must determine the copied parts' qualitative importance in relation to the over-all copyrighted work. *See Cantrell*, 85 F. Supp. 2d at 863 (citations omitted).

In this case, the songs are not substantially similar. Both songs feature a female vocalist and are pleasant to hear, but otherwise the two songs sound almost nothing alike. The key, the tempo, the rhythm, and the melody are substantially dissimilar. Any minimal similarity, such as the similar beat in a half measure of each song, is insignificant in relation to the overwhelming differences between the two songs.

The lyrics are also substantially dissimilar. "Baby Boy" describes a woman's fantasies about a man, while "Got a Little Bit of Love for You" describes a woman whose feelings for a male friend are deepening and the woman hopes the man feels the same for her. The only similarity in the lyrics is the phrase "Every time I close my eyes." This is a small, common phrase that also appears in dozens of songs that

predate both "Baby Boy" and "Got a Little Bit of Love for You." Such a common phrase lacks originality and is not protected under copyright law. *See, e.g., Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 144 (2d Cir. 1998) (copyright protection denied to phrase "you've got to stand for something or you'll fall for anything" because the phrase is widespread and common). Where, as here, a comparison of the two songs shows that the similarity relates only to an unprotected element, summary judgment is appropriate.

Additionally, the phrase "Every time I close my eyes" is a more significant element of "Got a Little Bit of Love for You" than of "Baby Boy." The phrase, almost indecipherable, appears only once in a fast tempo, rap-style section near the middle of "Baby Boy." The phrase, on the other hand, appears more frequently and more prominently in "Got a Little Bit of Love for You." The phrase is not qualitatively important to the song "Baby Boy" and, as an unprotected element, cannot support Plaintiff's copyright infringement claim. Defendants are entitled to summary judgment in this case because, assuming that Plaintiff can establish factual copying by Defendants, no reasonable jury could find substantial similarity of ideas and expression between the protected elements of the two songs at issue.

### III.  CONCLUSION AND ORDER

The Court has conducted a side-by-side comparison of Plaintiff's song "Got a Little Bit of Love for You" and Beyonce's song "Baby Boy."  Based on this comparison, the Court concludes that no reasonable jury, if properly instructed, could find that the two songs are substantially similar.  Accordingly, Plaintiff cannot establish that Defendants engaged in actionable copying of her song, and it is hereby

**ORDERED** that Defendants' Motions for Summary Judgment [Docs. # 79 and # 91] are **GRANTED**.  It is further

**ORDERED** that the Knowles Defendants' Motion for Summary Judgment on Access, Independent Creation, and Originality [Doc. # 95], Defendants' Joint Conditional Motion to Bifurcate [Doc. # 96], Plaintiff's Motion to Compel Production of Damage Documents [Doc. # 107], and the Agreed Motion to Amend Scheduling Order to Extend Deadline to Mediate [Doc. # 125] are **DENIED AS MOOT**.

The Court will issue a separate final judgment consistent with this Memorandum and Order.

SIGNED at Houston, Texas, this **21st** day of **September, 2006**.

_Nancy F. Atlas_
Nancy F. Atlas
United States District Judge