IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER ARMOUR, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2407 |
| | § | |
| BEYONCE G. KNOWLES, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This copyright infringement case is before the Court on the Motion for Costs Under 17 U.S.C. § 505 filed by Defendants Beyonce G. Knowles, Scott Storch, Robert Waller, Shawn Carter, Carter Boys Publishing, Song BMG Music Entertainment, TVT Music, Inc., Notting Dale Songs, Inc., and Hitco Music Publishing, LLC ("Beyonce Defendants") [Doc. # 128] and the Motion for Costs Under 17 U.S.C. § 505 filed by Defendants Sean Paul Henriques, Emi Music Publishing, Ltd., Atlantic Recording Corporation, EMI April Music, Inc., V.P. Music Group, Inc. and Dutty Rock Music ("Henriques's Defendants") [Doc.# 129]. Plaintiff Jennifer Armour filed a single response [Doc. # 133] to both motions, and the Beyonce Defendants filed a Reply [Doc. # 135]. Based on the Court's review of the full record in this case and the application of governing legal authorities, the Court grants the Motions for costs, but denies the requests for costs to include attorneys' fees.

"In any civil action under [the Copyright Act], the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Attorney's fees are to be awarded only in the court's discretion. *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 381 (5th Cir. 2004) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). In exercising its discretion, the Court considers a non-exclusive list of factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (quoting *Fogerty*, 510 U.S. at 534 n. 19).

The Henriques Defendants seek costs in the amount of $71,625.81, plus expenses for its expert in the amount of $54,315.98 and attorneys' fees in the amount of $671,592.52. The Beyonce Defendants seek costs in the amount of $34,149.00, including their expert's fee in the amount of $14,100.00, and attorneys' fees in the amount of $145,858.00.[1] Plaintiff has filed no opposition to Defendants' requests for

---

[1] The expenses and fees requested by the Henriques Defendants are significantly higher than those requested by the Beyonce Defendants because the attorneys for the Henriques Defendants served as lead counsel for the overall defense.

costs or to the requested amount. Absent any opposition, the Court grants Defendants' requests for costs, including the expenses for experts.

The Court declines, however, to award attorneys' fees in this case. Defendants correctly note that a side-by-side comparison of the two songs established clearly that they were not similar and, therefore, the Court rejected Plaintiff's claims on the merits. The Court does not, however, find that the claims were frivolous or based on any improper motivation. The Court believes that Plaintiff was and continues to be sincere in her mistaken belief that her song and Beyonce's song sound alike. There is no particular need in this case for compensation to Beyonce and the other defendants. Additionally, there is no evidence that Plaintiff has pursued copyright infringement lawsuits in the past and no reason to believe that she is likely to do so in the future. As a result, there is no particular need in this case for an award of attorneys' fees as a deterrence. The Court concludes that an award of attorneys' fees in this case is not required to further the goals of the Copyright Act. Therefore, having considered a number of factors including those listed above, the Court exercises its discretion against an award of attorneys' fees. Accordingly, it is hereby

**ORDERED** that the Motion for Costs Under 17 U.S.C. § 505 filed by the Beyonce Defendants [Doc. # 128] is **GRANTED** as to the request for $34,149.00 in costs and **DENIED** as to the request for attorneys' fees. It is further

**ORDERED** that the Motion for Costs Under 17 U.S.C. § 505 filed by the Henriques Defendants [Doc.# 129] is **GRANTED** as to the request for $125,941.79 in costs and **DENIED** as to the request for attorneys' fees.

SIGNED at Houston, Texas, this **7th** day of **November, 2006**.

Nancy F. Atlas
United States District Judge