IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER ARMOUR, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2407 |
| | § | |
| BEYONCE G. KNOWLES, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This copyright infringement case is before the Court on Plaintiff's Motion fro Reconsideration of the Court's Memorandum and Order Awarding Costs [Doc. # 142], to which Defendants filed their responses in opposition [Docs. # 143 and # 144]. Plaintiff neither filed a reply nor requested an extension of time to do so. Based on the Court's review of the record in this case and the application of governing legal authorities, the Court **denies** Plaintiff's Motion for Reconsideration.

A motion for reconsideration under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* Instead, a Rule 59(e) motion merely serves to allow "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*

Rule 59(e) may also provide a means for a party to bring an intervening change in the controlling law to the Court's attention. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003). Rule 59(e) relief is an extraordinary remedy and should be used sparingly. *See Templet*, 367 F.3d at 479.

In this case, Plaintiff concedes that she did not challenge Defendants' requests for costs. Each of the matters raised in Plaintiff's Motion for Reconsideration could have been raised before the Court ruled on Defendants' request for attorneys' fees and costs. Moreover, Plaintiff still does not challenge the amount of any item of costs requested by Defendants. Instead, she argues that the Court should not award costs because she genuinely believes that Defendants copied her song. The Court does not doubt Plaintiff's sincerity, but Defendants are entitled to recover their costs in this case. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration [Doc. # 142] is **DENIED**.

SIGNED at Houston, Texas, this **11**[th] day of **December, 2006**.

Nancy F. Atlas
United States District Judge